*E-Filed 4/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL WOLF PHILLIPS, | No. C 09-5435 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;** |
| v. | |
| A. HEDGPETH, et al., | **GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** |
| Defendants. | |

# INTRODUCTION

This is a civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff, a California state prisoner, alleges that he is receiving inadequate medical care in violation of the Eighth Amendment while housed the San Francisco County Jail.

The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that he is terminally ill, and that while housed at the San Francisco County Jail hospital, defendants have "forced" him "off oxygen," have disregarded his emergency health care directives, and have subjected him to mistreatment in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff, however, fails to allege specific facts as to the acts or omissions allegedly committed by specific defendants, although he lists many persons as defendants in the caption. Without the names of specific defendants, an adequate description of the specific acts each individual defendant allegedly committed, and how the alleged acts violated his constitutional rights, the Court cannot determine whether plaintiff has stated

1 claims for relief, nor, certainly, can it order service of the complaint.

2 Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff must
3 file an amended complaint correcting the deficiencies described in this order within 30
4 days from the date this order is filed.  Failure to file an amended complaint by such time
5 will result in dismissal of the action without further notice to plaintiff.

6 The first amended complaint must include the caption and civil case number used
7 in this order (09-5435 RS (PR)) and the words FIRST AMENDED COMPLAINT on the
8 first page.  Because an amended complaint completely replaces the previous complaints,
9 plaintiff must include in his first amended complaint all the claims he wishes to present
10 and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262
11 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by
12 reference.

13 It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
14 informed of any change of address by filing a separate paper with the clerk headed
15 "Notice of Change of Address."  He must comply with the Court's orders in a timely
16 fashion or ask for an extension of time to do so.  Failure to comply may result in the
17 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## MOTIONS

19 Plaintiff's motion to proceed *in forma pauperis* (Docket No. 8) is GRANTED.
20 Plaintiff's motion for the appointment of counsel (Docket No. 2) is DENIED as
21 premature, but without prejudice.  Plaintiff may renew his request when he files his
22 amended complaint, or at any time after the amended complaint is filed.

## CONCLUSION

24 For the foregoing reasons, the Court orders as follows:
25 1. The complaint is DISMISSED with leave to amend.  Plaintiff must file an
26 amended complaint in compliance with the above instructions within 30 days of
27 the date this order is filed.  Failure to file by such date will result in dismissal of
28 the action without further notice to plaintiff.

2. Plaintiff's motion to proceed *in forma pauperis* is GRANTED. His motion for the appointment of counsel is DENIED.

3. This order terminates Docket Nos. 2 & 8.

**IT IS SO ORDERED**.

DATED:  April 22, 2010

_____
RICHARD SEEBORG
United States District Judge

1  **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2  Daniel Wolf Phillips
T-03412
3  S.V.S.P. - C.T.C. Hospital
P. O. Box 1050
4  Soledad, CA 93960

7  DATED:  04/22/2010

9                           s/ Chambers Staff
                         Chambers of Judge Richard Seeborg

12  * Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.